**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

VERRAGIO, LTD.,

               Plaintiff,

               Case No.

     vs.

GABRIEL JEWELRY REFINING CORP.
D/B/A GABRIEL JEWELRY
D/B/A GABRIEL AND LOREN K.,

               Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADEMARK
INFRINGEMENT; DEMAND FOR JURY TRIAL**

Plaintiff Verragio, Ltd. ("Verragio or Plaintiff"), by and through its attorneys, Spektor & Tsirkin, PC, files its complaint against Gabriel Jewelry Refining Corp. ("Gabriel or Defendant") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1.     This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et seq.*, respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Southern District of New York; the claims alleged in this action arose in the Southern District of New York; and, the Defendant transacts business in the Southern District of New York.

**Parties and Personal Jurisdiction**

3.      Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY  10001.

4.      Verragio is informed and believes, and on that basis alleges, that Defendant is a New York corporation with its principal place of business at 36 W. 47th Street, Booth 22, New York, NY  10036.

5.      This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Southern District of New York.  Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

**The Business of Verragio**

6.      Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7.      For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry.  Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8.      Among Nisguretsky's jewelry designs is AFN 5013 R-4, which is an original design comprising copyrightable subject matter under the laws of the United States.

9.      AFN 5013 R-4 is part of Verragio's Venetian Collection.

10.       At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5013 R-4 (VAu 1-027-588).  A picture of AFN 5013 R-4 is attached to this Complaint as Exhibit 1.

11.      Nisguretsky has received a Certificate of Registration from the Register of Copyrights for 5013 R-4 (VAu 1-027-588), a copy of which is attached to this Complaint as Exhibit 2.

2

12.    Among Nisguretsky's jewelry designs is AFN 5027, which is an original design comprising copyrightable subject matter under the laws of the United States.

13.    AFN 5027 is part of Verragio's Venetian Collection.

14.    At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5027 (VA 1-798-162).  A picture of AFN 5027 is attached to this Complaint as Exhibit 3.

15.    Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5027 (VA 1-798-162), a copy of which is attached to this Complaint as Exhibit 4.

16.    Among Nisguretsky's jewelry designs is AFN 5052, which is an original design comprising copyrightable subject matter under the laws of the United States.

17.    AFN 5052 is part of Verragio's Venetian Collection.

18.    At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5052 (VA 1-974-011).  A picture of AFN 5052 is attached to this Complaint as Exhibit 5.

19.    Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5052 (VA 1-974-011), a copy of which is attached to this Complaint as Exhibit 6.

20.    Among Nisguretsky's jewelry designs is AFN 5066R, which is an original design comprising copyrightable subject matter under the laws of the United States.

21.    AFN 5066R is part of Verragio's Venetian Collection.

22.    At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the

copyrights in AFN 5066R (VA 1-969-272).   A picture of AFN 5066R is attached to this Complaint as Exhibit 7.

23.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5066R (VA 1-969-272), a copy of which is attached to this Complaint as Exhibit 8.

24.     Among Nisguretsky's jewelry designs is AFN 5066CU, which is an original design comprising copyrightable subject matter under the laws of the United States.

25.     AFN 5066CU is part of Verragio's Venetian Collection.

26.     At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5066CU (VA 1-969-244).   A picture of AFN 5066CU is attached to this Complaint as Exhibit 9.

27.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5066CU (VA 1-969-244), a copy of which is attached to this Complaint as Exhibit 10.

28.     Among Nisguretsky's jewelry designs is AFN 5067CU, which is an original design comprising copyrightable subject matter under the laws of the United States.

29.     AFN 5067CU is part of Verragio's Venetian Collection.

30.     At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5067CU (VA 1-968-522).   A picture of AFN 5067CU is attached to this Complaint as Exhibit 11.

31.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5067CU (VA 1-968-522), a copy of which is attached to this Complaint as Exhibit 12.

32.     Among Nisguretsky's jewelry designs is ENG 0429, which is an original design comprising copyrightable subject matter under the laws of the United States.

33.     ENG 0429 is part of Verragio's Couture Collection.

34.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in ENG 0429 (VA 1-961-142).  A picture of ENG 0429 is attached to this Complaint as Exhibit 13.

35.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for ENG 0429 (VA 1-961-142), a copy of which is attached to this Complaint as Exhibit 14.

36.     Among Nisguretsky's jewelry designs is INS 7063, which is an original design comprising copyrightable subject matter under the laws of the United States.

37.     INS 7063 is part of Verragio's Insignia Collection.

38.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7063 (VA 1-818-586).  A picture of INS 7063 is attached to this Complaint as Exhibit 15.

39.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7063 (VA 1-818-586), a copy of which is attached to this Complaint as Exhibit 16.

40.     Among Nisguretsky's jewelry designs is INS 7070CU, which is an original design comprising copyrightable subject matter under the laws of the United States.

41.     INS 7070CU is part of Verragio's Insignia Collection.

42.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the

copyrights in INS 7070CU (VA 1-818-657).   A picture of INS 7070CU is attached to this Complaint as Exhibit 17.

43.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7070CU (VA 1-818-657), a copy of which is attached to this Complaint as Exhibit 18.

44.     Among Nisguretsky's jewelry designs is INS 7070P, which is an original design comprising copyrightable subject matter under the laws of the United States.

45.     INS 7070P is part of Verragio's Insignia Collection.

46.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7070P (VA 1-824-667).  A picture of INS 7070P is attached to this Complaint as Exhibit 19.

47.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7070P (VA 1-824-667), a copy of which is attached to this Complaint as Exhibit 20.

48.     Among Nisguretsky's jewelry designs is INS 7074P, which is an original design comprising copyrightable subject matter under the laws of the United States.

49.     INS 7074P is part of Verragio's Insignia Collection.

50.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7074P (VA 1-809-371).  A picture of INS 7074P is attached to this Complaint as Exhibit 21.

51.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7074P (VA 1-809-371), a copy of which is attached to this Complaint as Exhibit 22.

52.     Among Nisguretsky's jewelry designs is INS 7074R, which is an original design comprising copyrightable subject matter under the laws of the United States.

53.     INS 7074R is part of Verragio's Insignia Collection.

54.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7074R (VA 1-818-661).  A picture of INS 7074R is attached to this Complaint as Exhibit 23.

55.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7074R (VA 1-818-661), a copy of which is attached to this Complaint as Exhibit 24.

56.     Among Nisguretsky's jewelry designs is INS 7082, which is an original design comprising copyrightable subject matter under the laws of the United States.

57.     INS 7082 is part of Verragio's Insignia Collection.

58.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7082 (VA 1-893-429).  A picture of INS 7082 is attached to this Complaint as Exhibit 25.

59.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7082 (VA 1-893-429), a copy of which is attached to this Complaint as Exhibit 26.

60.     Among Nisguretsky's jewelry designs is PAR 3042R, which is an original design comprising copyrightable subject matter under the laws of the United States.

61.     PAR 3042R is part of Verragio's Paradiso Collection.

62.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the

7

copyrights in PAR 3042R (VA 1-703-542).   A picture of PAR 3042R is attached to this Complaint as Exhibit 27.

63.    Nisguretsky has received a Certificate of Registration from the Register of Copyrights for PAR 3042R (VA 1-703-542), a copy of which is attached to this Complaint as Exhibit 28.

64.    Among Nisguretsky's jewelry designs is PAR 3062P, which is an original design comprising copyrightable subject matter under the laws of the United States.

65.    PAR 3062P is part of Verragio's Paradiso Collection.

66.     At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in PAR 3062P (VAu 1-969-039).   A picture of PAR 3062P is attached to this Complaint as Exhibit 29.

67.    Nisguretsky has received a Certificate of Registration from the Register of Copyrights for PAR 3062P (VAu 1-969-039), a copy of which is attached to this Complaint as Exhibit 30.

68.    Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P.

69.    Since its creation, AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P have been manufactured by Verragio, or under its authority.

70.    Each engagement ring in Verragio's Venetian, Couture, Insignia and Paradiso Collections, as well as in most of the other Verragio collections, contains the Verragio Crest. The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape

8

of a crown with three points featured as a part of a ring design."  Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 4,336,434.  A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit 31.

71.    Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

72.    Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

73.    Verragio jewelry bearing the Verragio Crest has been sold to retail stores throughout the United States.  These retail stores display and offer for sale to the general public jewelry that contains the Verragio Crest.

74.    Verragio jewelry bearing the Verragio Crest has had outstanding commercial success.  As a result, jewelers and the public recognize the Verragio Crest as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

**The Business of Defendant**

75.    Verragio is informed and believes, and on that basis alleges, that Defendant is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

76.    Verragio is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

77.    Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same jewelry retailers as Verragio.

9

78.    Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

79.    Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

80.    Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry designs of AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P or any other copyrighted ring design licensed to Verragio.

81.    Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Verragio Crest trademark.

82.    Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry designs of AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P, and other copyrighted ring designs licensed to Verragio.

83.    Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Verragio Crest trademark.

84.    Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit 32.

85.     For example, Defendant sold a ring which infringes Verragio's copyright in AFN 5013R-4 and which improperly uses the Verragio Crest.  A comparison of AFN 5013R-4  to Defendant's Ring follows:




Verragio Ring Style No. AFN 5013R-4                          Gabriel Ring

86.     For further example, Defendant sold another ring which infringes Verragio's copyright in AFN 5027 and improperly uses the Verragio Crest.  A comparison of AFN 5027 to Defendant's Ring follows:




Verragio Ring Style No. AFN 5027                          Gabriel Ring

11

87.     Defendant also sold a third ring which infringes Verragio's copyright in AFN 5052 and improperly uses the Verragio Crest.  A comparison of AFN 5052 to the Defendant's Ring follows:

   

Verragio Ring Style No. AFN 5052                    Gabriel Ring

88.     Defendant also sold another ring which infringes Verragio's copyright in AFN 5066R and improperly uses the Verragio Crest.  A comparison of AFN 5066R to Defendant's Ring follows:

1283217.1




Verragio Ring Style No. AFN 5066R                    Gabriel Ring

89.     Defendant also sold another ring which infringes Verragio's copyright in AFN 5066CU and improperly uses the Verragio Crest.  A comparison of AFN 5066CU to Defendant's Ring follows:




Verragio Ring Style No. AFN 5066CU                    Gabriel Ring

13

90.     In addition, Defendant sold another ring which infringes Verragio's copyright in AFN 5067CU and improperly uses the Verragio Crest.  A comparison of AFN 5067CU to Defendant's Ring follows:

  

Verragio Ring Style No. AFN 5067CU                    Gabriel Ring

91.     Defendant sold another ring which infringes Verragio's copyright in ENG 0429. A comparison of ENG 0429 to Defendant's Ring follows:

  


Verragio Ring Style No. ENG 0429                    Gabriel Ring

14

92.     Defendant also sold another ring which infringes Verragio's copyright in INS 7063PL and improperly uses the Verragio Crest.  A comparison of  INS 7063PL to Defendant's Ring follows:




Verragio Ring Style No. INS 7063PL                                    Gabriel Ring

93.     Defendant also sold a ring which infringes Verragio's copyright in INS 7070CU and improperly uses the Verragio Crest.  A comparison of  INS 7070CU to Defendant's Ring follows:




Verragio Ring Style No. INS 7070CU                                    Gabriel Ring

1283217.1

94.     Defendant sold another ring which infringes Verragio's copyright in AFN 5066CU and improperly uses the Verragio Crest.   A comparison of   AFN 5066CU to Defendant's Ring follows:

   

Verragio Ring Style No. AFN 5066CU                    Gabriel Ring

95.     Defendant also sold another ring which infringes Verragio's copyright in INS 7082  and improperly uses the Verragio Crest.  A comparison of  INS 7082  to Defendant's Ring follows:

   

Verragio Ring Style No. INS 7082                    Gabriel Ring

16

96.     Defendant also sold another ring which infringes Verragio's copyright in INS 7074R and improperly uses the Verragio Crest.  A comparison of  INS 7074R to Defendant's Ring follows:





Verragio Ring Style No. INS 7074R                        Gabriel Ring

97.     Defendant sold another ring which infringes Verragio's copyright in INS 7082 and improperly uses the Verragio Crest.  A comparison of  INS 7082 to Defendant's Ring follows:





Verragio Ring Style No. INS 7082                        Gabriel Ring

17

98.     Defendant sold another ring which infringes Verragio's copyright in PAR 3042R.
A comparison of PAR 3042R to Defendant's Ring follows:

 

Verragio Ring Style No. PAR 3042R                    Gabriel Ring

99.     Defendant also sold a ring which infringes Verragio's copyright in PAR 3062P.
A comparison of PAR 3062P to Defendant's Ring follows:

 


Verragio Ring Style No. PAR 3062P                    Gabriel Ring

18

**First Cause of Action**
(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

100.   Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 99 of this Complaint as though fully set forth.

101.   Defendant's acts constitute infringement of Verragio's licensed copyrights in AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

102.   Verragio is informed and believes, and on that basis alleges, that  Defendant's manufacture, distribution, duplication and/or sale of infringing copies of AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

103.   Defendant's copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined.  In addition, Verragio is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

104.   Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Defendant's acts and continuing acts.  Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Therefore, Verragio is

19

entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

105.    Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**Second Cause of Action**
(Trademark Infringement Under 15 U.S.C. § 1114(1))

106.    Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 105 of this Complaint as though fully set forth here.

107.    Defendant's use in commerce of Verragio's federally registered trademark in the Verragio Crest is likely to cause confusion, mistake, or to deceive.

108.    The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

109.    Defendant has unfairly profited from the trademark infringement alleged.

110.    By reason of Defendant's acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Crest.

111.    Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

112.    Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

113.    By reason of Defendant's acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.   Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

20

114.    By reason of Defendant's willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

115.    This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action
(Trademark Infringement and False Designation of Origin
Under 15 U.S.C. § 1125(a))

116.    Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 115 of this Complaint as though fully set forth.

117.    Verragio's jewelry incorporating the Verragio Crest has a unique and distinctive design which designates a single source of origin.

118.    Defendant's use in commerce of the Verragio Crest is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

119.    The above-described acts of Defendant constitute trademark infringement of the Verragio Crest and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

120.    Verragio is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

121.    Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

122.    By reason of the above-described acts of Defendant, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Crest.

123.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Crest.

124.    The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

125.    By reason of the above-described acts of Defendant, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

126.    Because the above-described acts of Defendant were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

127.    This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Prayer for Relief

Therefore, Verragio respectfully requests judgment as follows:

1.    That the Court enter a judgment against Defendant that Defendant has:

   a.    infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501;

   b.    infringed the rights of Verragio in its federally registered trademark in its Verragio Crest in violation of 15 U.S.C. § 1114; and

   c.    infringed the rights of Verragio in the Verragio Crest in violation of 15 U.S.C. § 1125.

2.    That each of the above acts by Defendant were willful.

3.    That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

22

(a)    manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is confusingly similar to the Verragio Crest, or that is substantially similar to AFN 5013R-4, AFN 5027, AFN 5052, AFN 5066R, AFN 5066CU, AFN 5067CU, ENG 0429, INS 7063PL, INS 7070CU, INS 7070P, INS 7074P, INS 7074R, INS 7082, PAR 3042R and PAR 3062P or any other copyrighted design licensed to Verragio;

(b)    destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

(c)    engaging in any other activity constituting an infringement of Verragio's trademark rights in the Verragio Crest and/or Verragio's licensed copyrighted jewelry designs; and

(d)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4.    That Verragio be awarded damages for Defendant's trademark infringement, and unfair competition.

5.    That Verragio be awarded Defendant's profits resulting from its infringement of Verragio's trademark.

6.    That Defendant be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

7.    That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.      That Verragio be awarded damages for Defendant's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9.      That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

(a)     copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Verragio Crest or infringing copies of Verragio's licensed copyrighted jewelry designs;

(b)     engaging in any other activity constituting an infringement of any of Verragio's trademarks or licensed copyrighted jewelry designs; and

(c)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 9(a) through 9(b) above.

10.     That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

11.     That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

12.     That the Court award Verragio its costs of suit incurred herein.

1283217.1

13.     That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

Dated:     South Amboy, New Jersey
           February 23, 2018.

                    Respectfully submitted,

                    VLADIMIR TSIRKIN & ASSOCIATES, LLC

                    By:     s/Vladimir Tsirkin                 
                            Vladimir Tsirkin
                            104 N. Broadway Suite A
                            South Amboy, New Jersey 08879
                            (732) 525-2200
                            *Attorneys for the Plaintiff Verragio, Ltd.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Dated:      South Amboy, New Jersey
            February 23, 2018.

                                    Respectfully submitted,

                                    VLADIMIR TSIRKIN & ASSOCIATES, LLC


                                    By:   __s/Vladimir Tsirkin_____
                                          Vladimir Tsirkin
                                          104 N. Broadway Suite A
                                          South Amboy, New Jersey 08879
                                          (732) 525-2200
                                          *Attorneys for the Plaintiff Verragio, Ltd.*

1283217.1